UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER PIERCE,<br>    Plaintiff,<br>v.<br><br>WASHTENAW CNTY. JAIL, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 22-12786<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 11); MOTION TO STAY (ECF No. 7); MOTION TO AMEND WITNESS LIST (ECF No. 10); ORDERING PLAINTIFF TO PROVIDE NAME.**

Plaintiff Roger Pierce, proceeding *pro se*, filed this suit under § 1983 on November 17, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 8).

Before the Court is the Plaintiff's motion to appoint counsel, his motion to stay proceedings until counsel is appointed, and his motion to amend the Defendants in this case. (ECF Nos. 11; 7; 10). For the following reasons, each of these motions is **DENIED**. Plaintiff is **ORDERED** to provide the Court with the name of Defendant Teresa Unknown within 21 days of this Order.

**I.   DISCUSSION**

   *a. Motion to Appoint Counsel*

1

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Though there are six defendants here, Plaintiff's claims do not appear exceedingly complex. Also, his filings show he has an adequate understanding of the issues involved, and he has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do

not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009).

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion.

b. *Motion to Stay*

Plaintiff seeks to have the proceedings stayed until an attorney is appointed to represent him. (ECF No. 7). Since the undersigned ruled on the motion to appoint counsel, above, Plaintiff's motion to stay is **DENIED AS MOOT**.

c. *Motion to Amend Defendants*

Plaintiff seeks leave to "correct" the Defendants considering new information related to the alleged conduct. (ECF No. 10). Upon review, the Court determines Plaintiff seeks to remove several and add new Defendants. (*Id.*). Plaintiff's motion gives only a cursory overview of the role the potential new Defendants played in the alleged violations. Given Plaintiff seeks to add several Defendants, filing an amended complaint with a short and plain statement of the claim showing that the pleader is entitled to relief is a more appropriate mechanism of adding these Defendants pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8; Fed. R. Civ. P. 15. Pursuant to Rule 15, Plaintiff may amend once as

a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Since amending his complaint is the proper tool to add these Defendants and address what conduct is attributable to them, Plaintiff's motion to amend Defendants is **DENIED**. (ECF No. 10).

### d. Plaintiff to Provide Names

One of the Defendants is known as Teresa Unknown. The United States Marshal Service cannot serve this Defendant without a full name. To effect service on this Defendant, Plaintiff is **ORDERED** to provide the Court with the name for this Defendant **within 21 days** of this Order. Plaintiff must provide the name on or before February 24, 2023.[1] Plaintiff is cautioned that if the Marshals cannot effectuate service on the Defendant with the information provided, the onus remains on Plaintiff to discover and submit sufficient information for service of the Defendant. In that event, Plaintiff may be made to show good cause why this

---

[1] Plaintiff may provide enough information for this Defendant in his amended complaint should he choose to file one.

4

action should not be dismissed, without prejudice, as against any Defendant that remains unserved after the expiration of the summons.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 2, 2023,　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 2, 2023.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850