UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER PIERCE,                                    Case No. 22-12786
                Plaintiff,
v.                                               F. Kay Behm
                                                 United States District Judge

WASHTENAW COUNTY JAIL,
*et al.*,                                        Curtis Ivy, Jr.
              Defendants.    United States Magistrate Judge
_____/

## REPORT AND RECOMMENDATION ON WASHTENAW DEFENDANTS' MOTION TO DISMISS; DEFENDANT DARYL PARKER'S MOTION TO DISMISS; SCREENING PLAINTIFF'S AMENDED COMPLAINT (ECF Nos. 24; 28).

Plaintiff Roger Pierce, proceeding *pro se*, filed this suit under § 1983 on November 17, 2022.  (ECF No. 1).  This case was referred to the undersigned for all pretrial matters.  (ECF Nos. 8; 16).  On February 28, 2023, Plaintiff filed an amended complaint.  (ECF No. 20).  This matter is presently before the Court on Defendants Washtenaw County Jail, Williams, Washtenaw County Mental Health Officials, and Dea's (collectively "Washtenaw Defendants") motion to dismiss, Defendant Daryl Parker's motion to dismiss, and for screening pursuant to 28 U.S.C. § 1915.  (ECF Nos. 24; 28).

## I.   DEFENDANTS' MOTIONS TO DISMISS

    *a.   Standard of Review: Motion to Dismiss*

1

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).  In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  And while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also*

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.").

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

### b.  Analysis of Washtenaw Defendants' Motion to Dismiss

Plaintiff's amended complaint can be construed as raising an equal protection claim, a Free Exercise claim, and a claim of cruel and unusual punishment. (ECF No. 20).[1]

---

[1] An amended complaint entirely replaces the original complaint. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007); *Scuba v.*

In his amended complaint, Plaintiff asserts he is bringing claims of "Equal Protection/Discrimination, cruel and unusual punishment + Discrimination." (ECF No. 20, PageID.123). Plaintiff alleges Defendants served him cold meals when they should have served him hot meals or "substituted w[ith] inferior cold meal/snack bag instead of meal, of which consisting of [rather] rotted fruit[.]" (*Id.* at PageID.121). Plaintiff asserts he is a diagnosed type two diabetic mellitus with unspecified complications "that requires a specific diet plan[.]" (*Id.* at PageID.122). As to his medical conditions, Plaintiff alleges Mr. Kendall Thomson,[2] Ms. Patrice Morgan, and possibly another Health Service Administrator made comments of "were not dealing w[ith] this" and that non-party Health Services Administrator ("HSA") Cindy said "I'm not playing games with this [g]uy, He'll get what I give him[.]" (*Id.*). Plaintiff alleges Defendant Kendall Thomson stated "[h]e better not call for another meal, or any substitutes again or I will take him 'Roger Pierce' off of this diet line." (*Id.*). Plaintiff alleges he was then sent peanut butter and grape jelly as well as cookies, all of which he asserts he "can't have[.]" (*Id.*).

---

*Wilkinson*, 2006 WL 2794939, *2 (S.D. Ohio Sept.27, 2006); *Weiss v. Astellas Pharma US, Inc.*, 2006 WL 1285406, *1 n. 1 (E.D. Ky. May 10, 2006).

[2] Plaintiff's amended complaint names Mr. Kendrick, but Plaintiff has since notified the Court that Defendant Mr. Kendrick is actually Mr. Kendall Thomson or Mr. Kendall Tomson, Plaintiff appears uncertain of the correct spelling. The Court has substituted "Mr. Kendall Thomson or Tomson" for Mr. Kendrick. (ECF No. 36, PageID.649). The Court shall substitute Kendall Thomson for Mr. Kendrick where there are allegations against Mr. Kendrick in the amended complaint.

4

Plaintiff alleges Defendant Williams "they WCJ (Lt. Williams) took away my relig[ious] rights kosher diet because they we're unable to provide proper kosher diet and I complained over 2 years ago so I've had these issues literally for going on 26 months, along with them not giving me a drink w[ith] meals for almost 3 months until I was sent to hospital."  (*Id.*).  Plaintiff asserts there was a period of five days where he received only a "snack bag" which was insufficient, had rotten fruit, hair in the food, "plastic[,]" and "other stuff[.]"  (*Id.* at PageID.123).  Plaintiff alleges his kites[3] were "ignored or thrown out" and he has kites asking for remedies as far back as 2021.  Plaintiff states "[a]lmost every officer here is witness to the hundreds of instances of [abusiveness] deliberate indifference and down right evil treatment."  (*Id.*).

Plaintiff alleges HSA Cindy "took [his] orders out of [the] computer" and that he was served regular diet meals for "weeks on end till I filled suit."  (*Id.*).  He indicates "[t]his treatment continues to date."  (*Id.*).

The Washtenaw Defendants have moved to dismiss the claims against them.  (ECF No. 24).  They argue first that Plaintiff failed to state a *Bivens* claim.  The original, non-operative complaint refers to *Bivens*, but the operative amended complaint does not.  Thus, there is no *Bivens* claim in this case.  Moreover, none of

---

[3] A "kite" is a form that allows inmates to communicate and get information about "just about anything," including court dates, visitors, lawyers' information, requests, complaints, or medical assistance. *See, e.g.*, *Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 448 (6th Cir. 2020).

the Washtenaw Defendants are federal officers and Plaintiff does not appear to have named any federal officers. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (stating that *Bivens* actions apply to federal officials while Section 1983 claims apply to state-level officials). As Plaintiff has alleged no federal officers were involved, the undersigned suggests he has failed to state a *Bivens* claim.

The Washtenaw Defendants argue that Plaintiff has not established any of the Defendants were personally reasonable for the alleged constitutional violation based on the Defendants' own conduct. "A critical aspect of the § 1983 and *Bivens* universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions[.]"). Plaintiff only alleges factual involvement by two Washtenaw Defendants, Defendant Williams and the Washtenaw County Jail, in his amended complaint and does not attribute any conduct to Defendants Dea, or any unnamed Washtenaw County Mental Health Officials. (ECF No. 20). As far as Plaintiff's allegations can be taken as a *Monell* claim against Defendant Washtenaw County Jail, the undersigned discusses

Plaintiff's *Monell* claim when analyzing the substance of Plaintiff's claims later in this Report.

As to Defendants Dea and the unnamed Washtenaw County Mental Health Officials, the undersigned suggests that Plaintiff has failed to state a claim against Dea[4] and any unnamed Washtenaw County Mental Health Officials because Plaintiff does not allege any facts under which these Defendants could be liable. To the extent that Plaintiff's allegations against HSA Cindy could be treated as an allegation against unnamed Washtenaw County Mental Health Officials, Plaintiff's amended complaint did not list Washtenaw County Mental Health Officials as a Defendant to this lawsuit. (*Id.*). Accordingly, the Clerk's Office terminated Washtenaw County Mental Health Officials as a party to this lawsuit because an amended complaint replaces the original complaint. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007); *Scuba v. Wilkinson*, 2006 WL 2794939, *2 (S.D. Ohio Sept.27, 2006); *Weiss v. Astellas Pharma US, Inc.*, 2006 WL 1285406, *1 n. 1 (E.D. Ky. May 10, 2006). Because Plaintiff's amended complaint names neither HSA Cindy or unnamed Washtenaw County Mental Health Officials as Defendants, HSA Cindy and "Mental Health

---

[4] Plaintiff's amended complaint does not name Dea as a Defendant in the caption, and Dea was terminated as a party. (ECF No. 20, PageID.121). The only parties named as Defendants in the amended complaint are the Washtenaw County Jail, Patrice Morgan, Kendall Thomson (previously Mr. Kendrick), Dr. Parker, Wellpath Healthcare, and Canteen Food Services. (*Id.*).

Officials" are not parties here and Plaintiff's allegations against them are not allegations against a party.

As to Defendant Williams, the only conduct that Plaintiff attributes to Defendant Williams is a bare assertion that Williams took Plaintiff off the kosher diet.  First, Plaintiff did not name Defendant Williams as a Defendant in the caption of his amended complaint and Williams was, therefore, terminated as a party to this lawsuit.  Second, in § 1983 proceedings the plaintiff must make a clear showing that the defendant was personally involved in the activity that forms the basis of the complaint.  *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  The undersigned suggests that this allegation does not factually plead content which supports a reasonable inference the Defendant is liable for the misconduct alleged and Plaintiff has failed to allege personal involvement by Williams.  Moreover, as discussed more fully below in the substantive analysis of Plaintiff's allegations, Plaintiff does not allege that Williams acted with the mental state required for deliberate indifference.  As to the assertions that Williams violated Plaintiff's First Amendment rights by removing Plaintiff from a kosher diet, the substance of Plaintiff's First Amendment claim is developed later in this Report and Recommendation, but the undersigned suggests Plaintiff has failed to state a claim for violating the First Amendment because

Plaintiff does not allege the threshold elements required of a First Amendment claim.

The Court will now consider the substance of Plaintiff's allegations.  But even considering the substance of Plaintiff's allegations, Plaintiff has failed to state a claim under which relief could be granted.

As to Plaintiff's allegations that he is experiencing cruel and unusual punishment, "[t]he Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment.  The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)).  The undersigned notes Plaintiff appears to be a pretrial detainee.  (ECF No. 1, PageID.4) (Plaintiff selected the boxes for pretrial detainee and other, noting in the explanation portion of the box for other "sentenced [i]ndivuals.").  Therefore, it appears the Fourteenth Amendment would govern this claim.  The Eighth and Fourteenth Amendment deliberate indifference standards are largely the same except the subjective component is modified in cases brought by pretrial detainees.  *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585 (6th Cir. 2021).

To establish a deliberate indifference claim, the plaintiff must allege that he was deprived of the minimal necessities of civilized life and that prison officials were deliberately indifferent to his needs.  *Powell v. Washington*, 720 F. App'x

9

222, 227-28 (6th Cir. 2017) (citation omitted).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  The Eighth Amendment framework for deliberate indifference claims includes an objective and subjective prong.  *Id.* at 834.  The objective prong requires a showing that the deprivation alleged is "sufficiently serious," such that he is "incarcerated under conditions posing a substantial risk of serious harm."  *Id.*  And the subjective prong requires the inmate to show that a prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety."  *Id.* at 837.

The subjective component for deliberate indifference is modified for pretrial detainees, as appears to be the case here.  According to *Brawner*, a pretrial detainee need only show that a defendant "acted . . . recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Brawner*, 14 F.4th at 596 (citation and internal quotation marks omitted).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (citation omitted).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  "Routine

discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Plaintiff fails to make the objective and subjective showing required for deliberate indifference. Although the denial of food and drink could under some circumstances constitute a violation of the Constitution, Plaintiff's allegations fail to rise to the level of a constitutional violation. Allegations of occasional spoiled or rotten food do not per se constitute a constitutional violation, nor does an allegation of an occasional missed meal. *Bradford v. Chapello*, No. 06-14140, 2007 WL 4357735, at *2 (E.D. Mich. Dec. 10, 2007) (concluding being served spoiled milk at two meals was not cruel and unusual punishment) (citing *Palmer v. Johnson,* 193 F.3d 346 (5th Cir. 1999) (allegation of one missed meal and being bitten by insects without immediate attention does not rise to level of Eighth Amendment violation); *Morrison v. Martin,* 755 F. Supp. 683, 686 (E.D. N.C. Aug. 16, 1990) (occasional missed meal does not constitute cruel and unusual punishment); *Birdo v. Wolenhaupt,* 2006 WL 13016 (S.D. Ill. Jan. 3, 2006) (allegations that food was cold and drinks contained dust and lint failed to state Eighth Amendment violation); *Allen v. Ramos,* 2005 WL 1420746 (S.D. Ill. June 15, 2005) (allegation that plaintiff missed two meals did not rise to level of Eighth

11

Amendment violation)); *Riddle v. Jones*, 917 F.2d 1305 (6th Cir. 1990) (finding "Riddle's dietary claim has no arguable basis in law because he has not alleged that the meals provided were nutritionally inadequate or prepared under unsanitary conditions" where allegations of "cold meals" were raised); *Kinner v. Moore*, No. 15-2105-JDT, 2016 WL 1421016, at *3 (W.D. Tenn. Apr. 8, 2016) (finding that inmate's allegations that "trays are dirty, food products are expired and outdated, meats and other food products are raw or undercooked, the food is cold and inedible, and the portions are inadequate" did not meet the objective standard for a conditions-of-confinement claim); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *16 (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (giving a prisoner one meal per day for 15 days did not violate the Eighth Amendment because the meals contained sufficient nutrition).  Nor does Plaintiff allege any particular Defendant was responsible for the alleged deprivation or acted with the requisite mental state.

Plaintiff's only allegations are that he did not receive a kosher diet, that he was served cold meals, he was served snack bags instead of meals for five days, he was served rotten fruit, and that there was hair in the food, "plastic[,]" and "other stuff[.]"  (ECF No. 20, PageID.121-23).  Plaintiff's allegations are not serious enough to show a deprivation of the minimal civilized measure of life's necessities.

*See Rhodes,* 452 U.S. at 347.  The undersigned suggests this action should therefore be dismissed for failure to state a claim of cruel and unusual punishment.

As to Plaintiff's allegations that he did not receive a drink with his meals for "almost 3 months until I was sent to hospital[,]" Plaintiff does not attribute this conduct to any Defendant and therefore fails to allege personal involvement.  (ECF No. 20, PageID.122).  As far as this allegation could be considered a *Monell* claim against Washtenaw County Jail, Plaintiff fails to state a claim.  The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).  For these reasons, to succeed on a *Monell* claim, a plaintiff must first allege that the municipality itself caused a constitutional tort.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.*  Second, a plaintiff must show that the alleged conduct qualifies as a policy.  *Monell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id.* at 690.

13

*Monell* liability may also attach when a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.  A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  Third, a plaintiff must show causation.  In other words, a plaintiff must connect the policy to the particular injury alleged.  Plaintiff has not connected Washtenaw County Jail to any particular policy or custom nor alleged any particular policy or custom existed that caused him to fail to receive a drink with meals.

Plaintiff also appears to assert an Equal Protection claim.  (ECF No. 20, PageID.124).  As to Plaintiff's Fourteenth Amendment claim, "[t]he Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by the government that 'burdens a fundamental right, targets a suspect class, or intentionally treats one differentially than others similarly situated without any rational basis for the difference.'" *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 971 (E.D. Mich. Mar. 30, 2016).  The threshold element of an equal protection claim is disparate treatment. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).  Plaintiff has not alleged in his complaint that he

14

was treated disparately.  As a result, the undersigned suggests Plaintiff has failed to state an Equal Protection claim.

As far as Plaintiff may be bringing a First Amendment Free Exercise claim, the First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ."  U.S. Const. amend. I.  The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment.  *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).  Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right.  *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion.  *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted).  To establish that this right has been violated, Plaintiff must establish (1) that the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that Defendant's behavior infringes upon this practice or belief.  *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

15

Plaintiff's only allegation is that he was denied a kosher diet.  Plaintiff does not plead that he has a religious belief that requires him to eat kosher food that was allegedly impacted by Defendants' actions, nor does he allege that a failure to provide a kosher diet violates his sincerely held religious beliefs.  In his response brief, Plaintiff alleges he is "a Christian jew and have followed Christ for over well since 2001 Sept 11th[.]"  (ECF No. 32, PageID.240).  Plaintiff also alleges that he previously was Muslim and has eaten Kosher for many years.  (*Id.*).  Plaintiff also indicates he never told Chaplin Johnson of his religion.  (*Id.* at PageID.224) ("I never told him of my community and the[re] is no conversation date because I am a Jew adopted at conception.  A messionic Christian if you must know! Now I've been forced to divulge something my Constitution says I don't have to.").  Assertions in a response brief, however, are not part of a complaint and cannot be considered allegations.  *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")) (citation omitted); *Williams Huron Gardens 397 Trust v. Twp. of Waterford*, 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019) (declining to assume unpled facts or allegations in this case to create a claim for relief), *report and recommendation adopted by* 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019);

*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008)

("Ordinarily, when the omission of a critical allegation in a complaint is

highlighted by a defendant's motion to dismiss, the appropriate method for adding

new factual allegations is to request leave to amend the complaint in conjunction

with responding to the motion to dismiss.").  Thus, the undersigned suggests

Plaintiff has failed to state a claim under the First Amendment Free Exercise

Clause.

The undersigned notes the Court required Plaintiff to file a response to the

Washtenaw Defendants' motion to dismiss.  (ECF No.  26).  The Court has

construed Plaintiff's April 13, 2023, filing to be his response brief to the

Washtenaw Defendants' motion to dismiss.  (ECF No. 32).  Plaintiff's response

brief is confusing and rambling and does not clearly respond to the issues raised in

the Washtenaw Defendants' motion.  (*Id.*).  The Court will briefly highlight

arguments from the response brief insofar as they are relevant.

Plaintiff responds that his "allegations are not conclusory in identifying Lt.

Williams[,] Sgt. Dea, or all Washtenaw County Jail 'CMH' Officials individuals

conduct and that conduct has cause[d] irrep[ara]ble damage both emotionally and

mentally as well as physically effecting my health[.]"  (*Id.* at PageID.214).

Plaintiff asserts the conduct "can't be [j]ustified with [a]nything other than

complete intentional deliberate indifference/equal protection discrimination, and

flagrant 'deprivation' of even my most basic needs as a human being and of my constitutional rights according to [t]he [l]aw[.]" (*Id.*).  Plaintiff again reiterates his bare assertions that he has suffered irreparable harm.  (*Id.* at PageID.216).

Plaintiff argues he has stated a plausible claim for religious discrimination, but notes "(simply because I said refused me Kosher meals after granting) then forcing me off because of costs[.]" (*Id.* at PageID.222).  Plaintiff notes he "never mentions religious beliefs because it is a Constitutional right not to have to for <u>any</u> reason." (*Id.* at PageID.223) (emphasis original).  Plaintiff alleges he was "denied (Kosher) religious Freedom practices. . . . because of costs" and indicates non-party Chaplin Johnson "admitted" that "Food ssiy [sic] could not get Kosher correct." (*Id.* at PageID.237).

The unsworn allegations in Plaintiff's response brief cannot alone defeat the Washtenaw Defendants' motion to dismiss.  As the Sixth Circuit has recently stated, "it is black-letter law that, with a few irrelevant exceptions, a court evaluating . . . a motion to dismiss[ ] must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases).  Thus, "[p]laintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.*  (collecting cases).  "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot

18

cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Id.* at 484 (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). Even considering the allegations in the response brief, Plaintiff fails to set forth any argument in his response to the motion to dismiss that would result in a plausible claim against the Washtenaw Defendants.

### c. *Analysis of Defendant Parker's Motion to Dismiss*

On March 17, 2022, Defendant Parker moved to dismiss Plaintiff's amended complaint. (ECF No. 28).

Parker argues that the complaint should be dismissed because Plaintiff's Amended Complaint lacks a factual allegation pertaining to him. (ECF No. 28, PageID.203). In a § 1983 proceeding a plaintiff must make a clear showing that the defendant was personally involved in the activity that supports the basis of the complaint. *See Rizzo*, 423 U.S. at 377; *Bellamy*, 729 F.2d at 421. A defendant's personal involvement must give rise to the complaint meaning, the complaint must show "what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis original). Without fact-based claims a plaintiff's complaint alleging civil rights violations cannot survive, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to

sustain recovery under § 1983." *Gilmore v. Corr. Corp. Of Am.*, 2004 WL 237417, at *2 (6th Cir. Feb. 6, 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Plaintiff failed to name Defendant Parker in the body of his amended complaint or allege any facts directed against Parker. The undersigned suggests absence of allegations towards Defendant Parker amounts to a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court required Plaintiff to file a response to Defendant Parker's Motion to Dismiss. (ECF No. 29). The Court will construe Plaintiff's May 18, 2023, filing to be his brief in response to Defendant Parker's Motion to Dismiss. (ECF No. 47).

In Plaintiff's response, Plaintiff makes assertions against Defendant Parker. The Court is not bound to consider allegations raised in a response brief. *See Pompy v. Monroe Bank and Tr.*, 2020 WL 6298102, at *7 (E.D. Mich. Aug. 5, 2020) ("any claims raised for the first time in the response brief should not be considered"). At any rate, the Court will summarize the allegations in Plaintiff's response. Plaintiff claims that he was "housed on the medical unit under duress[.]" (ECF No. 47, PageID.792). He states that he was "ignored, put off, [and] irrep[a]rably damaged emotionally, mentally, and physically while under Dr. Parker[']s care[.]" (*Id.*). Plaintiff claims without elaboration he was denied

necessary medical supplies, treatments, and medications.  Plaintiff states that as

"the head of medical[,]" Defendant Parker is responsible for all the medical

treatment that takes place in the facility.  (*Id*. at PageID.794).  On the basis of the

factual allegations contained in Plaintiff's Amended Complaint, he has failed to

state a claim against Defendant Parker.

As far as Plaintiff's response brief seems to argue summary judgment should

be granted for Plaintiff and that a preliminary injunction is necessary, under

Eastern District of Michigan Local Rule 5.1, a motion may not be combined with a

response.  Therefore, Plaintiff's attempt to seek summary judgment, as well as his

request for preliminary injunctive relief in his response brief are both improper and

the Court will not consider these requests.

## II.      Screening

### a. Standard for Screening

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss

the case at any time if the court determines that . . . the action or appeal . . . fails to

state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see*

*also* 42 U.S.C. § 1997e(c).  The dismissal standard of Federal Rule of Civil

Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

governs failure to state a claim under § 1997e(c).  *Hill v. Lappin*, 630 F.3d 468,

470-71 (6th Cir. 2010).  "[A] complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v.*

*Mercedes Benz Fin. Servs.*, LLC, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

      *b. Analysis*

The Court shall consider whether Plaintiff has failed to state claim for relief in his amended complaint. Both Wellpath Healthcare and Canteen Food Services are named as Defendants in Plaintiff's amended complaint, but there are no factual allegations against either. (ECF No. 20). Because Plaintiff is proceeding *in forma pauperis* and this is a prisoner civil rights case, his amended complaints is subject to screening under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e. The screening process was created to identify any frivolous claims or for which relief cannot be granted and to dismiss those claims.

As to Defendant Wellpath Healthcare, despite being listed as a Defendant in the caption, Plaintiff's amended complaint contains no factual allegations directed at Wellpath Healthcare. (ECF No. 20). Indeed, Wellpath Healthcare is not named in the body of the complaint. (*Id.*). As Plaintiff's complaint lacks any allegations against Wellpath Healthcare, the undersigned suggests Plaintiff has failed to state a claim for relief because while the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a

litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting

*Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)); *Kamppi v. Ghee*, 208

F.3d 213, 2000 WL 303018, at *1 (6th Cir. May 14, 2000) (unpublished table

decision) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel

the courts to conjure up unpleaded facts to support conclusory allegations.").

As to Defendant Canteen Food Services, the only factual allegations against

Canteen Food Services is that Defendant Kendall Thomson is "a super-visor for

WCJ; under contract with 'Canteen Food Services'[.]"  (ECF No. 20, PageID.121).

"A private corporation that performs the traditional state function of

operating a prison acts under color of state law for purposes of § 1983." *Thomas v.

Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*,

102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for

assessing municipal liability to claims against private corporations that operate

prisons or that provide medical care or food services to prisoners.  *Id.* at 748-

49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386,

388 (6th Cir. 2001); *Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030,

at *9 (M.D. Tenn. Sept. 7, 2018); *Fields v. Trinity Food Serv.*, No. 17-1190-JDT-

CGC, 2019 WL 5268565, at *5 (W.D. Tenn. Oct. 17, 2019) ("The Sixth Circuit

has applied the standards for assessing municipal liability to claims against private

corporations that operate prisons or provide medical care or food services to prisoners.").

To prevail on a § 1983 claim against Canteen Food Services, Plaintiff must show that the alleged deprivation of his rights was due to a policy or custom of the company. Plaintiff does not allege that he suffered harm based on any policy or custom by Canteen Food Services, therefore, the undersigned suggests Plaintiff has failed to state a claim related to this Defendant.

If this report and recommendation is adopted, only Defendants Patrice Morgan and Kendall Thomson (or Tomson) remain.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Defendants' motions to dismiss (ECF No. 24; 28) be **GRANTED** and the Defendants be **DISMISSED.**   The undersigned further **RECOMMENDS** that Defendants Wellpath Healthcare and Canteen Food Services be **DISMISSED** pursuant to screening the amended complaint.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 30, 2023                                        s/Curtis Ivy, Jr.
                                                                          Curtis Ivy, Jr.
                                                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 30, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850