UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER PIERCE, | Case No. 22-12786 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| WASHTENAW CO. JAIL, *et al.*, | Curtis Ivy |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JUNE 30, 2023
REPORT AND RECOMMENDATION (ECF No. 55)
AND OVERRULING OBJECTIONS TO ORDER (ECF No. 48)**

Currently before the Court is Magistrate Judge Curtis Ivy's June 30, 2023 Report and Recommendation. (ECF No. 55). Magistrate Judge Ivy recommends granting the pending motions to dismiss (ECF Nos. 24, 28) and dismissing Defendants Wellpath Healthcare and Canteen Food Services after screening. (ECF No. 55). The Court is fully advised in the premises and has reviewed the record and the pleadings. Neither party has filed objections. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Court nevertheless agrees

with the Magistrate Judge's recommended disposition.  Therefore, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 55), **GRANTS** Defendants' motions to dismiss (ECF Nos. 24, 28) and **DISMISSES** Defendants Wellpath Healthcare and Canteen Food Services as Defendants in this case.

Also before the court is Plaintiff's objection (ECF No. 48) to Magistrate Judge Ivy's Order to Strike several of Plaintiff's filings.  (ECF No. 46).  A district court may set aside a magistrate judge's order on a nondispositive pretrial matter if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  Plaintiff apparently filed four response briefs to the two above referenced motions to dismiss.  Magistrate Judge Ivy noted that a party must seek leave to file supplemental briefs and struck the additional briefs for failure to seek leave.  (ECF No. 46).  Judge Ivy also struck additional evidentiary documents that appeared unconnected to any proper filing.  *Id*.  Plaintiff filed what appears to be an objection to this order (ECF No. 48) and asserts that they are not additional briefs but are addendums to his objections to the motions to dismiss and his filings are "just new evidence" of his claims.  In response, Defendants argue that the documents were properly stricken because they did not comply with the Local Rules.

Defendants are correct. Under Local Rule 7.1(d)(1) "a response to a motion must be accompanied by a single brief." Furthermore, under Local Rule 7.1(d)(3)(A), "the text of a brief supporting a motion or response ... may not exceed 25 pages. A person seeking to file a longer brief may apply ex parte in writing setting for the reasons." Under Local Rule 26.2, "a party or other person may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) ... except when it provides factual support for a motion, response or reply. The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply." The documents stricken by Judge Ivy appear to be multiple response briefs, a brief whose length exceeds the page limitation set forth in the Local Rules, or discovery documents not permitted by Local Rule 26.2. Accordingly, Judge Ivy's decision to strike Plaintiff's filings is neither clearly erroneous nor contrary to law and the objection is **OVERRULED**.

    **SO ORDERED**.

Date: August 1, 2023                 s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge