UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER PIERCE,<br>  Plaintiff,<br>v.<br>WASHTENAW COUNTY JAIL,<br>*et al.*,<br>  Defendants.<br>_____/ | Case No. 22-12786<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER FOR SERVICE OF DEFENDANT KENDALL THOMSON (OR TOMSON); FOR INFORMATION FOR SERVICE OF PATRICE MORGAN.

Plaintiff Roger Pierce, proceeding *pro se*, filed this suit under § 1983 on November 17, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF Nos. 8; 16). On February 28, 2023, Plaintiff filed an amended complaint. (ECF No. 20). This matter is presently before the Court related to service of Defendants Kendall Thomson (or Tomson) and Patrice Morgan.

On April 20, 2023, the Court ordered the United States Marshals Service ("USMS") to serve Defendants Kendall Thomson (or Tomson) and Patrice Morgan by mailing a copy of the summons and complaint in accordance with the Michigan Court Rules for service of process. (ECF No. 36). Summonses were issued for

1

both Defendants on April 28, 2023. (ECF Nos. 40; 41). On June 16, 2023, the summonses were returned unexecuted as undeliverable. (ECF No. 52).

On June 29, 2023, the Court ordered counsel for Washtenaw County Jail to inform the Court if Defendants Thomson (or Tomson) and Morgan are still employed at or by Washtenaw County Jail on or before July 7, 2023. (ECF No. 54, PageID.922). Counsel for Washtenaw County Jail indicates that Defendant Kendall Thomson (or Tomson) is still an employee of Canteen Food Services and continues to work within the Washtenaw County Jail. (ECF No. 57, PageID.963).

Thus, the United States Marshals Service ("USMS") is directed to serve Defendant Kendall Thomson (or Tomson) by mailing a copy of the summons and complaint in accordance with the Michigan Court Rules for service of process. The summons and complaint must be mailed to the Defendant by **registered or certified mail, return receipt requested, and delivery restricted to the *addressee***. Mich. Ct. R. 2.105(A). Service of Kendall Thomson (or Tomson) is directed at 2201 Hogback Road, Ann Arbor, MI 48105. (ECF No. 54, PageID.922). The Court notes **USMS *must*** restrict delivery to the ***addressee***, here Kendall Thomson (or Tomson). The summons is extended 60 days. Plaintiff is cautioned that if the USMS cannot effectuate service on the Defendant with the information provided, the onus remains on Plaintiff to discover and submit sufficient information for service of the Defendant he has named in his lawsuit. In

2

that event, Plaintiff may need to show good cause why this action should not be dismissed, without prejudice, as against any Defendant that remains unserved after the expiration of the summons.

As to Defendant Patrice Morgan, counsel for the Washtenaw County Jail alleges Morgan is still employed by Canteen Food Services but no longer physically works in the Washtenaw County Jail and counsel is unaware of her new work location. (ECF No. 57, PageID.963). Plaintiff responded that Defendant Patrice Morgan can be served at the Wayne County Jail. (ECF No. 58, PageID.967). In any event, the address provided by Plaintiff appears not to be the address of the Wayne County Jail, but the former Detroit Police Headquarters located at 1300 Beaubien Boulevard. Plaintiff is **ORDERED** to provide the Court with the address of the Wayne County Jail by **September 8, 2023**, so that service may be attempted on Patrice Morgan.

Plaintiff is warned that the onus remains on him to discover and submit sufficient information for service on the Defendant and if the USMS cannot effectuate service Plaintiff will need to show good cause why this action should not be dismissed without prejudice as to the unserved Defendant or Defendants for failure to timely serve under Rule 4(m) and/or for failure to prosecute under Rule 41(b).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: August 21, 2023                                        s/Curtis Ivy, Jr.
                                                             Curtis Ivy, Jr.
                                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2023, by electronic means and/or ordinary mail.

                                                             s/Kristen MacKay
                                                             Case Manager
                                                             (810) 341-7850