UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER PIERCE,

                Plaintiff,

v.

WASHTENAW COUNTY JAIL,
*et al.*,

                Defendants.
_____/

Case No. 22-12786

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR IMMEDIATE EQUITABLE RELIEF (ECF No. 49).

Plaintiff, without the assistance of counsel, filed this prisoner civil rights case on November 17, 2022. (ECF No. 1). The case was later referred to the undersigned for all pretrial proceedings. (ECF Nos. 8; 16). This matter is presently before the Court regarding Plaintiff's motion for immediate equitable relief. (ECF No. 49). The Court shall construe Plaintiff's motion as a motion for a preliminary injunction. (*Id.* at PageID.840).

**I.    Standard**

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders ("TRO"). The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors

1

[are] considered in determining whether to issue a TRO or preliminary injunction." *Id.*; *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same factors to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted). A motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013); *see*

2

*also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief.").

**II. Analysis**

Plaintiff's motion was filed June 5, 2023. (ECF No. 49, PageID.840). The Court notes that Plaintiff's motion does not follow a traditional brief structure and it is difficult to parse Plaintiff's arguments. Much of Plaintiff's motion is simply jumbled assertions of facts, bare conclusions, and citations to cases. (*Id.*). For future filings, Plaintiff is encouraged to clearly structure his arguments and link the factual support to the alleged conduct and the relevant legal principles so the Court may more easily address the merits and substance of his arguments.

Plaintiff asserts that the Washtenaw County Jail, Lieutenant Williams, and kitchen supervisor Kendall Thomson "are being [vin]dictive, retaliatory" and are not giving Plaintiff his diabetic diet rations. (*Id.*). Plaintiff alleges this is done with intent and egregious malice. (*Id.*). He notes that he has not been receiving protein in his snack bags or the matza and tortilla wraps. (*Id.*). The undersigned notes Plaintiff appears to be alleging that he was previously receiving snack bags three times daily to control his blood sugar and is now receiving one snack bag per

3

day. (*Id.* at PageID.840-41) ("now says get it once a day when Ive been getting it 3 times a day to control my sugar levels[.]"). Plaintiff indicates this is important because he cannot manage his blood sugar levels without the proper allotment of snack bags. (*Id.* at PageID.841). Plaintiff asks the Court to order a cease and desist to reinstate the doctor ordered type II diabetic diet plan. (*Id.*).

Plaintiff also details other behavior he alleges is "childish" such as blocking certain calls, making his tablet's Wi-Fi unavailable at times, and blocking his way to call any lawyers. (*Id.*). Next, Plaintiff discusses racketeering proceeds and RICO. (*Id.* at PageID.842-45). It is unclear how a RICO claim relates to his request for equitable relief.

Plaintiff also alleges that during an evening med pass on May 23, 2023, officers told him they could no longer give him the doctor ordered crackers for his side effects and that order came directly from "command[.]" (*Id.* at PageID.848). Plaintiff alleges the First Amendment prohibits government officials from subjecting an individual to retaliatory actions. (*Id.*). Plaintiff argues that former Defendant Williams, non-party Bre Morgan, Defendant Patrice Morgan, Defendant Kendall Thomson, and accompanying supervisors or staff all benefit from shorting meals, deliberately withholding doctor ordered supplements and diets, diabetic meals, and discrimination against "Jewish 'Kosher' Christian Free Exercise Rights Religion." (*Id.* at PageID.850).

4

Plaintiff notes that on May 26, 2023, non-party Officer Benjamine threated to lock Plaintiff down for expressing "I can't wait for the Court to enact ['a cease and desist order']" during med pass and Plaintiff's blood sugar check. (*Id.* at PageID.853). Plaintiff indicates this was a threat of retaliation. (*Id.*).

Plaintiff's motion should be denied for two reasons. First, many of his assertions related to RICO and racketeering are unrelated to the claims in the complaint. Plaintiff's amended complaint can be construed as raising an equal protection claim, a Free Exercise claim, and a claim of cruel and unusual punishment. (ECF No. 20).[1] As a result, there is no relationship between the complaint and the conduct that is the subject of the preliminary injunction.

Second, and most importantly, his motion should be denied because he did not address the factors required to be satisfied. For instance, likelihood of success on the merits is the predominant consideration, but Plaintiff raised only bare assertions of fact and law that do not support any cognizable argument much less establish that Plaintiff will suffer irreparable harm if the Court does not act. It is not for the Court to craft arguments for the parties, and the Court will not do so here. Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

---

[1] An amended complaint entirely replaces the original complaint. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007); *Scuba v. Wilkinson*, 2006 WL 2794939, *2 (S.D. Ohio Sept.27, 2006); *Weiss v. Astellas Pharma US, Inc.*, 2006 WL 1285406, *1 n. 1 (E.D. Ky. May 10, 2006).

5

Plaintiff's failure to adequately address the factors courts must assess in evaluating a motion for injunctive relief is fatal to his motion. The motion should be **DENIED**. (ECF No. 49).

### III. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 49) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 20, 2023.  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 20, 2023.

s/Sara Krause
Case Manager
(810) 341-7850

7