UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER PIERCE,<br>　　Plaintiff,<br>　v.<br><br>WASHTENAW COUNTY JAIL,<br>*et al.*,<br>　　Defendants.<br>_____/ | Case No. 22-12786<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## <u>REPORT AND RECOMMENDATION RULE 4(m) DISMISSAL WITHOUT PREJUDICE</u>

**I.　PROCEDURAL HISTORY**

Plaintiff Roger Pierce filed this *pro se* prisoner complaint on November 17, 2022. (ECF No. 1). This matter was referred to the undersigned for all pretrial matters. (ECF No. 16).

The Court entered several Orders directing service. (ECF Nos. 54, 63, 72, 83). Service to Patrice Morgan was attempted at the address of Washtenaw County Jail ("the Jail"), but Morgan could not be served. (ECF No. 54). Washtenaw County Jail was Ordered to inform the Court if Morgan was still employed, to which the Jail responded and said that Morgan was not physically working at the Jail and that they were unaware of Morgan's new location. (ECF No. 57). Plaintiff informed the Court that Morgan could be served at Wayne

County Jail, however, Plaintiff provided an incorrect address, and was then Ordered to provide the Court with the address of Wayne County Jail. (ECF No. 63). Plaintiff was warned that failure to provide the requisite information may result in an Order to show cause "why this action should not be dismissed without prejudice as to the unserved Defendant." (*Id.*). Plaintiff did not provide the address, and the Court Ordered Plaintiff to show cause "why this case should not be dismissed without prejudice against Morgan under Fed. R. Civ. P. 4(m)." (ECF No. 70). Plaintiff provided information, and the Court Ordered service. (ECF No. 72, 83). Mailed service on Morgan still did not succeed, so the Court attempted personal service. Personal service could not be effected. The Court directed counsel for the Jail to obtain a last known address for Morgan. In that Order, Plaintiff was again warned that "if this attempt to obtain addresses and serve these Defendants does not succeed, he will need to obtain addresses for service" or else "the undersigned will recommend that Morgan . . . be dismissed without prejudice for failure to timely serve under Fed. R. Civ. P. 4(m)." (ECF No. 85, PageID.1094). Counsel responded that the Jail "was not able to obtain a last known address for Patrice Morgan . . . [and] that Washtenaw County does not have a record of a Patrice Morgan," nor does it have a record of "someone with a close variation of that name who has worked for the provider." (*Id.* at PageID.1097).

2

As of the date of this report and recommendation, Plaintiff has not provided the correct address for this Defendant. Nor has his address been provided by the jail. Therefore, Morgan cannot be served. For the reasons discussed below, the undersigned recommends that Defendant Morgan be dismissed without prejudice.

## II.     ANALYSIS AND RECOMMENDATIONS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff is unable to provide the correct address for Patrice Morgan despite being warned that failure to do so could result in dismissal of the unserved defendant. As it stands, without an address, Morgan cannot be served. And given the Jail's recent statement that there is no record of a Patrice Morgan, or someone with a similar name, having worked for the Jail or the food service contractor, Plaintiff may not have named the correct defendant. The undersigned therefore

recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) against Patrice Morgan. *See Id.* ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure must compel dismissal."); *see also Price v. Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (*pro se* prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service"); *Reed-Bay v. Pramstaller*, 607 F. App'x 445, 449-50 (6th Cir. 2015) (affirming dismissal of claims raised by *pro se* prisoner pursuant to Rule 4(m), noting that "an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfills its duty to effectuate service.").

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** against Patrice Morgan pursuant to Rule 4(m).

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

4

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: July 15, 2024.                           s/Curtis Ivy, Jr.
                                               Curtis Ivy, Jr.
                                               United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 15, 2024.

5

s/Sara Krause
Case Manager
(810) 341-7850